IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARCHE T. REDDICK

        Petitioner,

    v.

STATE OF OREGON, et. al.

        Respondents.

Civil No. 08-267-BR

OPINION AND ORDER


ADAM S. ARMS
McKanna Bishop Joffe & Arms LLP
1635 NW Johnson St.
Portland, OR  97209

    Attorney for Petitioner


HARDY MYERS
Attorney General
LYNN DAVID LARSEN
Oregon Department of Justice
1162 Court Street, NE
Salem, OR  97301

    Attorneys for Respondent


1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.   For the reasons set forth below, Petitioner's habeas corpus petition (#1) is **DISMISSED** for lack of jurisdiction.

<u>BACKGROUND</u>

In 2002, Petitioner was convicted in the Circuit Court of the State of Oregon for Deschutes County of the following crimes: Unlawful Use of a Dangerous Weapon with a Firearm, a felony (Count 1); Menacing, a misdemeanor (Count 2); Recklessly Endangering Another Person, a misdemeanor (Counts 3-10).   He was sentenced to 3 days in the Deschutes County Criminal Justice Facility, with credit for time served, and 36 months supervised probation, plus fines and community service hours.   (Respt.'s Ex. 101.)  Petitioner was also ordered to provide a blood or buccal sample as a result of the felony conviction.

Petitioner appealed his conviction but the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review.   *State v. Reddick*, 207 Or.App. 648, 143 P.3d 267 (2006), *review denied*, 342 Or. 474, 155 P.3d 52 (2007).  He did not seek post-conviction relief.  (Petr.'s Reply, #16, 2.)  Petitioner successfully completed his sentence and was discharged from probation on June 9, 2004.

On March 4, 2008, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus challenging his 2002 convictions on numerous

2 - OPINION AND ORDER -

grounds.    Respondent urges the court to dismiss the petition because Petitioner does not meet the "in custody" requirement for purposes of § 2254 jurisdiction.    Petitioner concedes he "was neither incarcerated nor serving a term of probation or other form of supervised release" and "had served [his] entire sentence for the underlying conviction" when he filed his habeas petition. (Affidavit, #17, 1.)  However, he contends he remains "in custody" for purposes of seeking habeas relief because the State of Oregon retains samples of his DNA profile.  (*Id*. at 2.)

## DISCUSSION

Under 28 U.S.C. § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a write of habeas corpus in behalf of *a person in custody* pursuant to the judgment of a State court *only on the ground that he is in custody* in violation of the Constitution or laws or treaties of the United States.

§ 2254(a)(emphasis added).  Petitioner must, therefore, establish that he was "in custody" at the time he filed his petition for this court to have jurisdiction.  *Carafas v. LaVallee*, 391 U.S. 234, 239-240 (1968) (in custody at the time petition is filed); *see also* 28 U.S.C. § 2241(c)(3) ("*The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody* in violation of the Constitution or laws or treaties of the United States") (emphasis added).  For the reasons that follow, the Court finds Petitioner was not in custody at the time he filed the instant petition and, therefore, the court lacks jurisdiction to consider his claims.

3 - OPINION AND ORDER -

In *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989), the Supreme Court interpreted the statutory custody language for habeas eligibility as requiring a habeas petitioner be "in custody" under the conviction or sentence being challenged. For Petitioner, that would be his 2002 conviction, which he concedes is fully expired but with the state retaining his DNA profile. Although Petitioner argues the state's retention of his DNA profile serves to satisfy the "in custody" requirement, analogous situations suggest otherwise.

While the "in custody" requirement is satisfied by a petitioner's placement on parole or post-prison supervision, *Id.*, *citing Jones v. Cunningham*, 371 U.S. 236, 243 (1963), a fully expired conviction that may at a later date be used to enhance a future sentence, does not. *Id.* at 492. Nor does a fully expired conviction which imposes lifetime registration as a sex offender. *McNab v. Kok*, 170 F.3d 1246, 1247 (9th Cir. 1999) (OR sex offender registration law); *Henry v. Lungren*, 164 F.3d 1240, 1242 (9th Cir. 1999) (CA sex offender registration law); *Williamson v. Gregoire*, 151 F.3d 1180, 1185 (9th Cir. 1998) (WA sex offender registration law); *Virsnieks v. Smith*, 521 F.3d 707, 720 (7th Cir. 2008) (WI sex offender registration law); *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002) (OH sex offender registration law). In fact, "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves

sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng*, 490 U.S. at 492.

Petitioner acknowledges that collateral consequences of a conviction do not render an individual "in custody." He argues, however, that retention of his DNA is "a consequence so unique as to satisfy the 'in custody' requirement." (Petr.'s Reply, #16, 3.) Petitioner contends "retention of [his] DNA creates a unique form of control that the government may wield over [him]", (*Id*. at 6), and that his right to travel has been infringed as evidenced by law enforcement officials harassing him as a result of their knowledge of his conviction. (*Id*. at 7-8.)

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Mun. Court, San Jose Milpitas Judicial Dist*., 411 U.S. 345, 351 (1973); *Jones*, 371 U.S. at 473. In *Williamson,* the Ninth Circuit stated: "[T]he boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'" 151 F.3d at 1183. It is a petitioner's physical liberty - his freedom of movement without restraint - that is pivotal for purposes of the "in custody" requirement. *Id*. Community service requirements and mandatory meetings requiring petitioner's physical presence at a defined place and time, thus, satisfy the "in custody" requirement because they restrain the

petitioner's freedom of movement. *Id*.  In contrast, revocation of a driver's license or professional license and mandatory sex offender registration, while limiting the ease with which a petitioner exercises his physical liberty, do not restrain his movements and, thus, are purely collateral consequences of a conviction. *Id.; Reiner v. Remington*, 217 Fed.Appx. 681, 682 (9th Cir. 2007) (disbarrment does not constitute constructive custody).

Although the Court found no cases addressing the retention of a DNA profile as a basis for an "in custody" determination, the reasoning in cases addressing lifetime sex offender registration and loss of licenses leads this Court to conclude that retention of Petitioner's DNA profile is a collateral consequence of his conviction that does not impose a restraint on his physical liberty.  While Petitioner complains of the stigma his felony conviction carries, of his loss of the right to possess a concealed weapon, of potential restrictions on his right to vote in other states, of harassment by law enforcement which he attributes to their knowledge of his conviction, and of alleged restrictions on his right to fly on domestic and international flights, without evidence that his freedom of movement is restrained, these are nothing more than the collateral consequences of his felony conviction.  Even if the Court assumes the retention of DNA profiles gives states access to unique personal information, Petitioner has not shown that retention of his DNA profile has in

anyway restrained his freedom of movement.  Accordingly, he has not satisfied the "in custody" requirement for habeas jurisdiction.

<u>**CONCLUSION**</u>

For these reasons the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus (#1) and **DISMISSES** this action for lack of jurisdiction.

IT IS SO ORDERED.

DATED this 24th day of October, 2008.


                    /s/ Anna J. Brown
        ANNA J. BROWN
        United States District Judge